IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC C. McCARTER,**

    Petitioner,

v.                                                            Civil Action No. **3:16CV22**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Eric C. McCarter, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of the County of Caroline ("Circuit Court"). In his § 2254 Petition, McCarter argues entitlement to relief based upon the following grounds:[1]

| | |
|---|---|
| Claim One: | "Trial court erred in finding trial counsel effective for not requesting a[n] informant instruction to be given to the jury." (§ 2254 Pet. 6.) |
| Claim Two: | "Trial court erred in finding that trial counsel was effective by not waiting for full discovery, before having the suppression hearing." (*Id.* at 7.) |
| Claim Three: | "Trial court erred in finding that trial counsel was effective by trial counsel not requesting a [*Franks v. Delaware*, 438 U.S. 98 (1978)] hearing." (*Id.* at 9.) |
| Claim Four: | "Trial court imposed sentence in violation of the prescribed statutory range of punishment required by law." (*Id.* at 11.) |

Respondent moves to dismiss the § 2254 Petition. (ECF No. 12.) McCarter has responded. (ECF No. 16.) The matter is ripe for disposition.

---

[1] The Court corrects the capitalization in the quotations from McCarter's submissions.

## I. PROCEDURAL HISTORY

Following a jury trial, the Circuit Court convicted McCarter of one count of distribution of a controlled substance, third or subsequent offense, and sentenced him to twelve years of incarceration. *Commonwealth v. McCarter*, Nos. CR11000529–00, at 1–3 (Va. Cir. Ct. July 8, 2013).[2] McCarter appealed. The Court of Appeals of Virginia denied McCarter's petition for appeal with respect to the drug distribution conviction. *McCarter v. Commonwealth*, No. 0226–13-2, at 1–2 (Va. Ct. App. Dec. 27, 2013). The Court of Appeals of Virginia aptly summarized the overwhelming evidence of his guilt as follows:

> [T]he evidence proved that Franklin Cauthorne, working undercover for the police, went to appellant's home on July 18, 2011, and purchased cocaine. Cauthorne's testimony regarding the transaction was corroborated by the testimony of the police officers involved in the undercover operation, as well as the audio recording made by equipment concealed on Cauthorne's person.

*McCarter v. Commonwealth*, No. 0226–13-2, at 4 (Va. Ct. App. July 17, 2013). Based on this information, a search warrant was executed at McCarter's home and officers found evidence of drug distribution and usage. (*See* Oct 29, 2012 Tr. 132.) The Court of Appeals of Virginia concluded that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of distributing cocaine." *McCarter*, No. 0226–13-2, at 4. The Supreme Court of Virginia refused McCarter's subsequent petition for appeal. *McCarter v. Commonwealth*, No. 150077, at 1 (Va. June 19, 2015).

---

[2] The Circuit Court also convicted McCarter of two counts of contributing to the delinquency of a minor; however, those convictions were reversed and remanded by the Court of Appeals of Virginia on December 16, 2014. *McCarter v. Commonwealth*, No. 0226–13-2, 2014 WL 7086102, at *1–4 (Va. Ct. App. Dec. 16, 2014). The Court omits the procedural history with respect to these convictions because it is not relevant to the instant § 2254 Petition.

On May 22, 2014, McCarter filed a petition for a writ of habeas corpus in the Circuit Court raising claims similar to Claims One through Three of the instant § 2254 Petition. (*See* ECF No. 20-1, at 2–17.)[3] Finding that McCarter failed to demonstrate ineffective assistance of trial counsel, on August 27, 2014, the Circuit Court dismissed his petition. (*Id.* at 55–61.) The Supreme Court of Virginia dismissed in part, and refused in part, his petition for appeal. *McCarter v. Dir., Va. Dep't of Corr.*, No. 141553, at 1 (Va. June 14, 2015).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas.

---

[3] Counsel for Respondent filed the state habeas record from the Circuit Court in this Court as a supplemental record. (*See* ECF No. 20 and 20-1.) The Court employs the pagination employed by the CM/ECF docketing system for reference to these records.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

McCarter failed to raise Claim Four on direct appeal or in his state habeas petition before the Supreme Court of Virginia. If McCarter attempted to now assert Claim Four in a state habeas petition, it would be barred as successive pursuant to Va. Code Ann. § 8.01–654(B)(2), and would be barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because McCarter could have raised, but failed to raise, this claim at trial and on direct appeal. Both Va. Code Ann. § 8.01–654(B)(2) and *Slayton* constitute adequate and independent state procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, McCarter has procedurally defaulted Claim Four unless he demonstrates cause and prejudice to excuse his default or his actual innocence. McCarter fails to do so.[5] Accordingly, Claim Four will be dismissed.

### III. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may

---

[5] At most, McCarter says that the failure to consider this claim will be a "fundamental miscarriage of justice." (Resp. 23 (as paginated by CM/ECF).) McCarter then launches into argument in support of Claim Four— a challenge to his sentence on state law grounds.

not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim One, McCarter argues that the "[t]rial court erred in finding trial counsel effective for not requesting a[n] informant instruction to be given to the jury." (§ 2254 Pet. 6.) Instead of providing argument in support of his claim, McCarter simply states that the "state['s] highest court was and/is obligated to find that McCarter's attorney rendered deficient performance pursuant to *United States v. Luck*, 611 F.3d 183 (4th Cir. 2010)." (*Id.*)

In summarizing and rejecting this claim, the Circuit Court explained:

> In [Claim One] the petitioner alleges his attorney failed to request an informant instruction be given to the jury. However, the case he cites in support of his position, *United States v. Luck*, 611 F.3d 183 (4th Cir. 2010), sets forth a principle expressly rejected by the Supreme Court of Virginia. In *Lovitt v. Warden*, 266 Va. 216, 252, 585 S.E.2d 801, 822 (2003), the Court found no merit to Lovitt's argument that trial counsel were ineffective for failing to request a jury instruction regarding the "credibility of jailhouse informants." The Court held "the law of this Commonwealth does not require a fact finder to give different consideration to the testimony of a government informant than to the testimony of other witnesses." *Id.* The jury in McCarter's case was similarly instructed, and defense counsel argued vigorously to the jury that the informant's credibility was critical to the case. As in *Lovitt*, the petitioner "has failed to prove his counsel rendered ineffective assistance during the guilt phase of the trial." *Id.*

(ECF No. 20–1, at 57.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Given that the resolution of McCarter's claim of ineffective assistance of counsel is highly dependent on Virginia law, McCarter fails to demonstrate any prejudice. *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's laws."). Moreover, counsel cross-examined the confidential informant and then appropriately argued to the jury that the confidential informant's "credibility is absolutely on trial here today." (Oct. 29, 2012 Tr. 379.)

Because McCarter demonstrates neither deficiency of counsel nor resulting prejudice, Claim One will be DISMISSED.

In Claim Two, McCarter argues that the "[t]rial court erred in finding that trial counsel was effective by not waiting for full discovery before having the suppression hearing." (§ 2254 Pet. 7.) McCarter faults counsel for failing to "wait until she had the '*Brady*' information" to have a suppression hearing. (*Id.*) McCarter claims that this denied him his "constitutional right to receive exculpatory evidence." (*Id.*) In summarizing and rejecting this claim, the Circuit Court made the following findings:

> In [Claim Two] the petitioner asserts his attorney should not have allowed the suppression hearing to be held without having full discovery regarding information about the confidential informant. Because information regarding the informant was not relevant to the grounds for the suppression motion, it was not necessary that defense counsel have information about the informant at that time. Counsel cannot be found ineffective for pursuing the motion to suppress without having the informant's information. *See Correll v. Commonwealth*, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987) (attorney cannot be found ineffective for failing to object where no feasible basis for objection); *see also United States v. Cronic*, 466 U.S. 648, 658 (1984).
> Furthermore, defense counsel obtained all pertinent information about the informant, including his identity and criminal history, prior to trial. The petitioner has not demonstrated deficient performance by his attorney. He also has established no prejudice. *See generally Hoke v. Netherland*, 92 F.3d 1350, 1355–58 (4th Cir. 1997) (holding that defendant is not entitled to benefit of doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), where exculpatory information is available to him); *Moreno v. Commonwealth*, 10 Va. App. 408, 417, 392 S.E.2d 836, 842 (1990) (no constitutional violation occurs unless late disclosure deprives defendant of a fair trial).

(ECF No. 20–1, at 57–58 (paragraph numbers omitted).) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)–(2). McCarter fails to identify with specificity what information about the informant counsel should have received prior to the suppression hearing and how that information would have changed the result of that hearing or trial. At most, he states that "since

8

the informant was a[n] active participant in the alleged transaction, discovery regarding the informant '*Brady*' was very important to the suppression hearing" because it "would have given counsel . . . the material needed to impeach the search warrant." (Resp. 5–6.) McCarter's conclusory allegations insufficiently demonstrate deficient performance or prejudice under *Strickland. Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir 1990); *see Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas relief appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations").

Moreover, to the extent McCarter believes that counsel should have obtained information about the confidential informant's past prior to the suppression hearing, the Court fails to discern any resulting prejudice. McCarter sold cocaine to a confidential informant from his home, police officers simultaneously listened to the transaction through an audio recording device, and the informant immediately gave the cocaine to the police. The officers confirmed that the informant had no drugs on him prior to the buy, observed the informant enter the house and exit the house, and then followed him to their designated meeting spot. Overwhelming evidence existed of McCarter's guilt, and he cannot show prejudice. Accordingly, Claim Two will be DISMISSED.

In Claim Three, McCarter contends that the "[t]rial court erred in finding that trial counsel was effective by trial counsel not requesting a [*Franks v. Delaware*, 438 U.S. 98 (1978)] hearing." (§ 2254 Pet. 9.) McCarter argues that the "affiant in McCarter's case committed perjury" and a "Frank[s] hearing serves to prevent the admission of evidence obtained pursuant to warrants that were issued only because the issuing magistrate was mis[led] into believing that there existed probable cause." (*Id.* (citations omitted).) In rejecting this claim, the Circuit Court made the following findings:

> In [Claim Three] the petitioner alleges his trial counsel did not challenge the search warrant affidavit "when it was clearly obtained on falsehoods and

9

> reckless disregard for the truth." The petitioner asserts a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), "would have shown perjury on Sgt. Nutter's part to the magistrate." The basis for this claim appears to be the petitioner's belief that Nutter falsely stated in the affidavit that the informant had been a "documented source of information" for Nutter for more than three years, as there was testimony at trial that the informant began working with the Caroline County Sheriff's Department on July 18, 2011. (Tr. 10/29/12 at 168).
>
> The petitioner was not entitled to a *Franks* hearing because there was no "substantial preliminary showing that the affidavit for the search warrant contain[ed] deliberately false misstatements of omissions necessary to a finding of probable cause." *Barnes v. Commonwealth*, 279 Va. 22, 33, 688 S.E.2d 210, 216 (2010). Nothing in the record shows Sgt. Nutter's statement in the affidavit was false. Sgt. Nutter stated in the search warrant affidavit that he had been a narcotics investigator for more than seven years. When asked by defense counsel at trial whether he had told the magistrate the informant had provided information to him for three years, Sgt. Nutter affirmed that he had "extensive contact" with the informant "[p]revious to this, aside from this case." Investigator Blasiol testified that the informant "had served as a CI for Caroline [County] before," and that Sgt. Nutter has signed him up prior to" Blasiol's working with the informant in the petitioner's case. The informant testified that July of 2011 was not "the first time [he] talked to the police." Furthermore, it is plain from the affidavit that even if Nutter misspoke when he said the informant had been a law enforcement source for more than three years, the affidavit contained sufficient probable cause for the magistrate to issue the warrant. Counsel had no grounds on which to challenge the affidavit and cannot be found ineffective for not doing so. *See Correll v. Commonwealth*, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987). McCarter has not shown his attorney's performance was deficient or that he was prejudiced by the alleged error.

(ECF No. 20–1, at 58–59.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). To the extent that McCarter contends that Sergeant Nutter claimed that the informant had provided information for more than three years, and this information was false because he had worked with police for less time, this purported misstatement is immaterial. The testimony of both Sergeant Nutter and Investigator Blasiol established that they had an ongoing and extensive relationship with the confidential informant no matter the exact length of time. Counsel reasonably eschewed advancing a challenge to the search warrant affidavit on this ground.

In addition, this was not an instance where the officers had to rely on the credibility of a witness to establish probable cause. The search warrant here was not based solely on the account of the criminal activity from the confidential informant, but also on the officers' own monitoring of the transaction. Here, police provided the confidential informant with money, listened to the informant buy cocaine from McCarter, and then the informant gave the officers the cocaine he had purchased. Overwhelming evidence existed of McCarter's guilt of distribution of cocaine. McCarter fails to demonstrate any deficiency or resulting prejudice from counsel's failure to challenge the search warrant affidavit on this ground. Accordingly, Claim Three will be DISMISSED.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. McCarter's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

Date: 11/15/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). McCarter fails to meet this standard.